**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Raeesabbas Mohamed, Esq. (AZ Bar # 027418)
Email: Raees@rmwarnerlaw.com
Michael B. Dvoren, Esq. (AZ Bar # 027386)
Email: Michael@rmwarnerlaw.com
Gideon Esakoff, Esq. (AZ Bar # 037490)
Email: Gideon@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 1-866-961-4984
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandra Lozano Immigration Law PLLC, a Washington Professional Limited Liability Company; and Alexandra Lozano, an individual;<br><br>Plaintiffs,<br>v.<br><br>John Does I-X; Jane Does I-X; ABC Partnerships I-X; Def Limited Liability Companies I-X; and XYZ Corporations,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

For their complaint against John and Jane Does I-X, ABC Partnerships I-X, Def Limited Liability Companies I-X, and XYZ Corporations I-X, Plaintiffs Alexandra Lozano Immigration Law PLLC ("**ALIL**") and Alexandra Lozano (together with ALIL, "**Plaintiffs**") allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff ALIL is a Washington Professional Limited Liability Company with its principal place of business at 6720 Fort Dent Way, Suite 230, Tukwila, WA 98188.

2. Plaintiff Alexandra Lozano ("**Lozano**") resides in and is a citizen of the State of Washington within the meaning and intent of 28 U.S.C. § 1332(a)(1).

1

3. John and Jane Does I-X are fictitious persons who may have an interest herein. ABC Partnerships I-X, Def Limited Liability Companies I-X, and XYZ Corporations I-X (collectively, "**Defendants**") are fictitious entities who may have an interest herein. When the true name of said fictitious persons and/or entities become known to Plaintiffs, Plaintiffs will amend their pleadings to reflect the same.

4. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5. Upon information and belief, a substantial portion of Defendants' tortious actions, upon which the allegations in this Complaint are based, occurred, or caused events to occur within the District of Arizona.

6. Upon information and belief, the Court has specific personal jurisdiction over Defendants.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

8. Because Defendants are using anonymous and pseudonymous means to conduct the torts and misconduct alleged herein, Plaintiffs will require early discovery to identity those involved and amend these allegations to account further account for the conduct that is presently unknown.

## GENERAL ALLEGATIONS

9. Plaintiffs incorporate by reference all other allegations contained within this Complaint as though fully set forth herein.

10. ALIL is an immigration law firm that focuses helping victims of human trafficking and abuse to obtain legal status in the United States, and works predominantly within the Latino community.

11. Lozano is the founder, owner, and managing partner of ALIL.

2

12. Lozano is known professionally both as Alexandra Lozano, and as "*Abogada Alexandra*."

13. Plaintiffs serve clients who reside throughout the United States, including in Arizona, and has offices in Washington, California, Illinois, and Texas.

14. As part of their business, Plaintiffs have owned and operated the website https://abogadaalexandra.com/en/, since 2016 (the "**Website**").

15. As part of their business, Plaintiffs also own and operate several Facebook accounts, found at www.facebook.com/abogadaalexandra and https://www.facebook.com/lesionespersonalesabogadaalexandra (the "**Authentic Facebook Accounts**").

16. As part of their business, Plaintiffs also own and operate several Instagram accounts, found at https://www.instagram.com/padrinosdelajusticia/ and https://www.instagram.com/abogadaalexandra/ (the "**Authentic Instagram Accounts**").

17. As part of their business, Plaintiffs also own and operate a TikTok account, found at https://www.tiktok.com/@abogadaalexandra (the "**Authentic TikTok Account**").

18. Plaintiffs prominently utilize Lozano's "*Abogada Alexandra*" moniker in their business. More specifically, they use it in the Authentic Facebook Accounts, Authentic Instagram Accounts, and Authentic TikTok Account (collectively, "**Plaintiffs' Social Media Accounts**"), on the Website, and in Plaintiffs' advertising and marketing materials.

19. Plaintiffs have also continuously used the logo shown below in interstate commerce, as a trademark, since at least as early as December 12, 2022, in connection with Plaintiffs' legal services (the "**Trademark**").



3

20.     On October 7, 2022, Lozano filed a federal trademark application with the U.S. Patent and Trademark Office (USPTO), which was assigned Application Serial No. 97622844, and is currently pending in International Class 045 for "Legal Services" (the "**Application**").

21.     On June 13, 2023, the USPTO issued a Notice of Allowance for the Application, and Lozano filed a Statement of Use for the Application on June 21, 2023.

22.     Among other uses, Plaintiffs prominently use the Trademark on the Website, in Plaintiffs' Social Media Accounts, in their advertising and marketing materials, and throughout their business operations.

23.     As a result of their widespread, continuous, and exclusive use of the Trademark to identify Plaintiffs' legal services and Plaintiffs as their source, Plaintiffs own valid and subsisting common law rights in and to the Trademark.

24.     The Trademark is distinctive to both the relevant consuming public and Plaintiffs' trade.

25.     Plaintiffs have expended substantial time, money, and resources marketing, advertising, and promoting their legal services which they have offered, sold, and provided under the Trademark, including through the Website, Plaintiffs' Social Media Accounts, and through other online and offline marketing channels.

26.     The legal services offered under the Trademark are of high quality and, as a result of Plaintiffs' expenditures and efforts, the Trademark has come to signify the high quality of the legal services designated by the Trademark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs.

27.     On or about July, 2023, Plaintiffs discovered that Defendants created several fake Facebook accounts, found at

a.  https://www.facebook.com/mkyadav.mky.562?mibextid=LQQJ4d;

b.  https://www.facebook.com/pinke.ch.77?mibextid=LQQJ4d;

4

  c. https://www.facebook.com/profile.php?id=100091552742883&mibextid=LQQJ4d;

  d. https://www.facebook.com/people/Alexandra-Lozano-Law/pfbid02uXJ2RgzsNbBsHSfxJ1dcfod6d3BBfr3EBPN9bnNyLLEbth74BPh4UBuz6AarU4Rtl/?mibextid=LQQJ4d;

  e. https://www.facebook.com/alexandra.lozano.law.2023;

(collectively, the "**Fake Facebook Accounts**"). Plaintiffs are still discovering new fake imposter accounts, regularly.

  28. On or about July 2023, Plaintiffs also discovered that Defendants created a fake Instagram account, found at https://instagram.com/mkymkyadav?igshid=MmJiY2I4NDBkZg== (the "**Fake Instagram Account**").

  29. On or about July, 2023, Plaintiffs also discovered that Defendants created a number of fake TikTok accounts, namely,

  a. @abogadaallexandra (https://vm.tiktok.com/ZTdbH413J/);

  b. @ aboogadaalexandra (https://www.tiktok.com/@aboogadaalexandra);

  c. @user851553528 (https://www.tiktok.com/@user851553528?_t=8c0gpzoFBCf&_r=1);

  d. @aboogadalexandra (https://t.ly/kWvN); and

  e. @abogadaalexandraa (https://vm.tiktok.com/TTPdBgSeXA/); (collectively, the "**Fake TikTok Accounts**").

  30. Plaintiffs also discovered a website that is using Plaintiffs' original images, Plaintiff's address, and Plaintiff's actual Google Reviews, called https://solucionesmigratoriasparalatinos.com (the "**SML Website**").

  31. The anonymous owner and operator of the SML Website has published the following link to its Facebook page, which contains the same and additional infringing images taken from Plaintiffs' actual Facebook page:

5

https://www.facebook.com/solucionesmigratoriasparalatinos/about (the "**SML Facebook Page**").

32. The SML Website has published the following phone number and email address, which appears to be created for the sole purpose of defrauding Plaintiffs' clients: (253) 326-4139, and Departamentocobranzasuscis@gmail.com.

33. The SML Facebook page is also contacting Plaintiffs' clients and is offering a fake contract for legal services, and is even publishing fake acceptance rates purporting to be accurate acceptance rates for the USCIS in order to induce Plaintiffs' clients into paying money for fake immigration services.

34. The SML Website and SML Facebook operator claims to have an agreement with Plaintiffs' law firm, which is absolutely false.

35. The Fake Facebook Accounts, Fake Instagram Account, Fake TikTok Accounts, SML Website and SML Facebook Page (collectively, the "**Fake Accounts**") attempted to pass themselves off as Plaintiffs' Social Media Accounts and/or Plaintiffs' law firm by using: (i) Plaintiffs' names or variations thereof; (ii) photos of Lozano copied from the Website and/or from Plaintiffs' Social Media Accounts; (iii) Lozano's "*Abogada Alexandra*" moniker; and (iv) the Trademark.

36. Defendants have also used the Fake Accounts as part of an illegal scheme to deceive and fraudulently induce Plaintiffs' clients and prospective clients into making financial payments to one or more of the Defendants, under the false pretenses that they were sending these payments to Plaintiffs for legitimate legal immigration services.

37. For example, on or about July, 2023, one or more of the Defendants, using the name "Valerie Acosta," used a Zelle financial account connected to the phone number (801) 836-6946, to solicit payment from one of Plaintiffs' prospective clients.

38. Plaintiffs do not own or use the phone number (801) 836-6946.

39. More recently, one or more Defendants using the name "Cora Gooding Murphy", used a Zelle financial account connected to the phone number 541-420-5158 to solicit a payment in the amount of $300.00 from one of Plaintiffs' prospective clients.

40. Upon information and belief, Defendants may include members of one or more criminal enterprises, including but not limited to Mexican drug cartels.

41. Plaintiffs have filed victim reports with law enforcement, including with the police department and with the FBI but without any recourse thus far.

42. On August 16, 2023, counsel for Plaintiffs sent take down requests to Facebook, Instagram, and TikTok, in order to remove each of the Fake Accounts from the Internet, but the imposter accounts continue to remain and/or are republished again.

43. Plaintiffs have no choice but to file this lawsuit in order to ascertain the identity of the Defendants involved in this scheme in order to protect themselves and their clients from this fraud.

## FIRST CLAIM FOR RELIEF

### (False Designation of Origin - 15 U.S.C. § 1125(a)(1)(A))

44. Plaintiffs incorporate by reference all other allegations contained within this Complaint as though fully set forth herein.

45. Defendants' unauthorized use in commerce of the Trademark, through the use of the Fake Accounts, has already deceived and is likely to deceive consumers of legal services as to the origin, source, sponsorship, or affiliation of Defendants' fraudulent services (through impersonation of Plaintiffs) and is likely to cause consumers to believe, contrary to fact, that Defendants' fraudulent services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs, or that Defendants actually are Plaintiffs.

46. Defendants' unauthorized use in commerce of the Trademark, as alleged herein, constitutes use of a false designation of origin and misleading descriptions and representations of fact.

47. Upon information and belief, Defendants committed the conduct alleged herein with full knowledge of Plaintiffs' prior rights in and ownership of the Trademark and with the willful intent to cause confusion, mistake, and deception, and to trade on Plaintiffs' reputation and goodwill.

48. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to cause, has caused, and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs.

49. Defendants' conduct as alleged herein, constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

50. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

51. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

**(False Light Invasion of Privacy)**

*Plaintiff Lozano Against Defendants*

52. Plaintiffs incorporate by reference all other allegations contained within this Complaint as though fully set forth herein.

53. In using the Fake Accounts to attempt to defraud Plaintiffs' current and prospective clients, Defendants caused Lozano to be portrayed out of context and in false light, *i.e.*, as a scammer who steals money from clients without providing the services falsely promised by Defendants.

8

54. The use of the Fake Accounts include false statements about and concerning Lozano.

55. Defendants communicated those false statements to third parties via the Internet and by phone.

56. Defendants' false statements are and would be highly offensive to a reasonable person and have been shared with a least one third party with the apparent intent of causing harm to Lozano.

57. In making and sharing the false statements, Defendants knew the false statements were false, and that they were not in fact Lozano.

58. As a direct and proximate result of Defendants' conduct, Lozano has suffered, and will continue to suffer, humiliation, extreme emotional distress, anxiety, depression, stomach aches, headaches, lack of sleep, lack of a desire to eat, emotional pain and suffering, anguish, and loss of self-esteem.

59. As a direct and proximate result of Defendants' conduct, Lozano has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, loss of income, and loss of business relations with existing and prospective clients.

60. As a direct and proximate result of Defendants' conduct, Lozano has suffered monetary damages in an amount to be proved through trial.

61. In making and sharing the false statements, Defendants acted maliciously, willfully, wantonly, and unlawfully.

62. For such willful and malicious acts, Lozano hereby seeks punitive damages, in addition to actual damages.

63. Defendants' acts, omissions, conduct, and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendants intended to harm Lozano and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Lozano.

9

64. To dissuade Defendants from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendants in the sum of sufficient magnitude to punish Defendants and to deter similar conduct by others.

65. There is a substantial risk that unless Defendants' wrongful acts described herein are enjoined, including without limitation, the continued publication of the statements, Defendants will continue to irreparably injure Lozano. Therefore, Lozano has no adequate remedy at law, and the Court should accordingly grant the injunctive relief sought by Plaintiffs.

## THIRD CLAIM FOR RELIEF

**(Tortious Interference with Existing and Prospective Business Relationships)**

66. Plaintiffs incorporate by reference all other allegations contained within this Complaint as though fully set forth herein.

67. Plaintiffs market their legal services online through the Website, Plaintiffs' Social Media Accounts, and Google, among other platforms.

68. Plaintiffs depend on this online marketing to reach and captivate their target audience in the Latino community, and have a reasonable expectation of repeat business and engagement with their target audience.

69. Plaintiffs have engaged multiple leads within their target audience with their online presence and marketing.

70. Plaintiffs have initiated a paid consultation process with multiple prospective clients through their online marketing and online presence.

71. As evidenced by Plaintiffs' current and prospective clients targeted by Defendants' fraudulent scheme, Defendants knew of those current and prospective clients' interest in and engagement with Plaintiffs for their legal services.

72. Because of the fraudulent scheme, Plaintiffs' current and prospective clients are at significant risk of losing substantial amounts of money.

73. As a result of Defendants' unlawful conduct, certain current and prospective clients have been too scared to initiate or continue doing business with Plaintiffs.

74. As evidenced by the conduct complained of herein, Defendants have intentionally solicited Plaintiffs' current and prospective clients for the purpose of interfering with those business relationships.

75. Defendants committed the acts averred herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Therefore, Plaintiffs are entitled to recover exemplary damages, in addition to compensatory damages.

76. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have lost and are currently on the verge of losing current and prospective clients.

77. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered damages in an amount to be proved at trial.

78. But for Defendants' wrongful conduct, Plaintiffs would not have lost their business relationships with their current and prospective clients.

79. There is a substantial risk that unless Defendants' wrongful acts described herein are enjoined, including without limitation, the continued creation and use of fake social media accounts, Defendants' misconduct will continue to irreparably injure Plaintiffs. Therefore, Plaintiffs have no adequate remedy at law, and the Court should accordingly grant the injunctive relief sought by Plaintiffs.

## FOURTH CLAIM FOR RELIEF

**(Intentional Infliction of Emotional Distress)**

*Plaintiff Lozano Against Defendants*

80. Plaintiffs incorporate by reference all other allegations contained within this Complaint as though fully set forth herein.

81. By engaging in wrongful conduct alleged herein, Defendants have engaged in extreme and outrageous conduct.

11

82. Defendants engaged in that extreme and outrageous conduct with the intention of causing Lozano to suffer severe emotional distress.

83. Defendants knew or recklessly disregarded the near certainty that such emotional distress would result from such extreme and outrageous conduct.

84. As a direct and proximate result of Defendants' extreme and outrageous conduct, Lozano has suffered, and will continue to suffer, severe emotional distress.

85. As a direct and proximate result of Defendants' extreme and outrageous conduct, Lozano has suffered and will continue to suffer humiliation, anxiety, depression, stomach aches, headaches, lack of sleep, emotional pain and suffering, anguish, and loss of self-esteem.

86. Defendants' extreme and outrageous conduct was intentional, malicious and done for the purpose of causing injury to Lozano.

87. Defendants committed the acts averred herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Lozano, from an improper and evil motive amounting to malice, and in conscious disregard of Lozano's rights. Therefore, Lozano is entitled to recover exemplary damages, in addition to compensatory damages.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray for judgment and other relief against Defendants as follows:

A. That Defendants violated Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A);

B. Directing Defendants to permanently remove all fake social medica accounts from the Internet, including without limitation, from all websites, social media platforms, and other locations such content may be found;

C. Granting an injunction permanently enjoining Defendants from publishing to any third parties, any false or misleading statements about or pertaining to Plaintiffs, whether on the Internet, or through any other means or media;

D. Granting an injunction permanently enjoining Defendants from publishing any other false or misleading content or material about or pertaining to Plaintiffs, whether on the Internet, or through any other means or media

E. Granting an injunction permanently enjoining Defendants from tortiously interfering with Plaintiffs' current and prospective business relationships;

F. Awarding Plaintiffs an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

G. Directing that Defendants account to and pay over to Plaintiffs all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

H. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

I. Awarding Plaintiffs general, special, and punitive damages in amounts to be proven at trial;

J. Awarding Plaintiffs their reasonable attorneys' fees and costs incurred costs, plus prejudgment and post-judgment interest on all damages at the highest rate allowed by law, from the date of injury until paid in full; and

K. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury for all issues so triable.

Respectfully Submitted this 28th day of November, 2023.

**RM W**ARNER**, PLC**

By:   /s/Raeesabbas Mohamed
       Raeesabbas Mohamed, Esq.
       Michael B. Dvoren, Esq.
       Gideon Esakoff, Esq.

8283 N. Hayden Road Suite 229
Scottsdale, Arizona 85258
*Attorney for Plaintiffs*